(Reap. Dec. 8316)

BENZIGER BROTHERS *v.* UNITED STATES

Entry No. 731719, etc.

(Decided June 11, 1954)

*Siegel, Mandell & Davidson* (*Sidney Mandell* of counsel) for the plaintiff.
*Warren E. Burger,* Assistant Attorney General, for the defendant.

RAO, Judge: The appeals for reappraisement listed in schedule "A," hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the respective parties, subject to the approval of the court, that the leather-bound prayer books and the issues in the appeals for reappraisement listed in Schedule A, hereto attached and made a part hereof, are similar in all material respects as the leather-bound prayer books and issues decided in the case of *United States* v. *Malhame & Co., et al.,* 39 C. C. P. A. (Customs) 108, C. A. D. 472, and that the record in said case be incorporated herein.

IT IS FURTHER STIPULATED AND AGREED that there was no foreign, export, or United States value as defined in Section 402 (c) (d) and (e) of the Tariff Act of 1930 at the time of the exportation of the involved merchandise.

IT IS FURTHER STIPULATED AND AGREED that the invoice values of the leather-bound prayer books correctly represent the statutory cost of production as defined in Section 402 (f) of the Tariff Act of 1930 on the dates of exportation.

IT IS FURTHER STIPULATED AND AGREED that 66⅔% of the invoice values represents the statutory cost of production of the leather bindings as defined in Section 402 (f) of said Act, and that 33⅓% of the invoice values represent the cost of production of the printed text as defined in Section 402 (f) of said Act.

IT IS FURTHER STIPULATED AND AGREED that this stipulation is limited to leather-bound prayer books and is abandoned insofar as it relates to other merchandise; that said reappraisements may be submitted upon this stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the leather-bound prayer books here involved, and that such values were the invoice values, 66⅔ per centum of which represents the cost of production of the leather bindings and the remaining 33⅓ per centum of which represents the cost of production of the printed texts.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed.

Judgment will be entered accordingly.